# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Civil Case Number: _____

Demetrius Harris,

                Plaintiff

vs.

Helen J. Marberry and
Federal Bureau of Prisons, Assistant Warden,
prison captain John Doe and/or Jane Doe,
warden John Doe and/or Jane Doe,
official John Doe and/or Jane Doe,
Correctional Officer John Doe and/or Jane Doe,
prison Guard John Doe and Inmate John Doe.

                Defendants

_____/

## COMPLAINT

NOW COMES, Plaintiffs, Demetrius Harris through the undersigned counsel, whom most respectfully states, allege, and pray:

## JURISDICTION AND VENUE

1. This Honorable Court has exclusive jurisdiction pursuant to 28 U.S.C. § 1346(b) since this section grants exclusive jurisdiction to federal district courts over tort claims against the United States Government. This civil action or Tort claim against United States Government can be pursued due to the government's partially renounced sovereign immunity under the Federal Tort Claims Act. This court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

2. This lawsuit also asserts claims for relief for violations of constitutional rights under the Eighth Amendment of the Federal Constitution deliberate indifference, among other relevant actions,

cruel omissions that generate a legitimate cause of action under color of said constitutional amendment and under 42 U.S.C. § 1983 (Bivens vs. Six Unknown Named Agents of the Federal Bureau of Narcotics, 91 Sup. Ct. 1999, 403 U.S.388) and for violations of Florida law. This Court has original jurisdiction over Plaintiff's federal claims arising under the federal Constitution and its laws pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1), since there is diversity of citizenship between the parties, and the matter in controversy exceeds $75,000, exclusive of interest and cost.

3. Venue lies properly in this United States District Court for the Southern District of Florida, because when the controversy is found in a civil action on a tort claim against the United States, the civil action may be brought in the judicial district where the plaintiff resides, or wherein the act or omission complained occurred. In the case in point, the events that gave rise to the present claim ultimately occurred in the Miami, Florida, thus complying with provision 28 U.S.C. § 1402(b).

## DEMAND TRIAL BY JURY

4. Plaintiff expressly demands that all causes of action addressed in the present complaint be subject to a trial by jury demand.

## THE PARTIES

5. Mr. Demetrius Harris, hereinafter Mr. Harris, is of legal age, businessman, and a resident of Miami, Florida.

6. BUREAU OF PRISONS, Codefendant hereinafter, defendant is part of the United States' Department of Justice. Defendant may be served by serving the Regional Counsel. Bureau of Prisons, under the direction the Attorney General, is responsible, for providing safe keeping, care, subsistence and protection for all persons convicted of offenses against the United States.

7. Prison warden Helen J. Marberry, Codefendant hereinafter, is of legal age, upon information and belief, resides in the United States. Warden Helen J. Marberry is a Correctional Institution Administrator, responsible for exercising control and supervision of all aspects of the institution's function including, but not limited, the security, protection, and safety of prisoners.

8. John Doe, Codefendant hereinafter, is of legal age, and upon information and belief, resides in the United State. John Doe responsible for the safety, protection, and security of prisoners.

9. Jane Doe, Codefendant hereinafter, is of legal age, and upon information and belief, resides in the United States. Jane Doe responsible for the safety, protection, and security of prisoners.

10. Inmate Mr. John Doe, ("Codefendant Inmate" hereinafter), is of legal age, and upon information and belief, resides in Miami Dade County, Florida.

11. The Plaintiff reserves the right expressly to seek leave to amend the verified complaint to include defendants whose identity and responsibility may be established during the course of discovery in the present case and or to correct the full identity of the above mentioned defendants.

## NATURE OF THE LAWSUIT

12. This lawsuit is the outcome of the violation of the 42 U.S.C Sec. 1983 civil rights, under the VIII Amendment constitutional prohibition of cruel and unusual punishment and the negligence, deliberate indifference and intentional tort committed by the Codefendants, failing to protect Mr. Harris on April 15 of 2003, while under the custody, of the Federal Bureau of Prisons.

13. As a proximate cause of the above mentioned violations or negligence, Mr. Harris suffered severe mutilations, on his face and body, emotional distress, and economic damages. Plaintiff has experienced and will continue to experience mental anguish, suffering, and deep consternation as a result of the horrifying intentional assault perpetrated against him. As a direct result of the

foregoing, Mr. Harris has sustained permanent injuries to his body and has and will experience physical pain and emotional distress.

14. Mr. Harris has incurred and will continue to incur on health care expenses for extensive corrective plastic surgery for his physical impairment.

## FACTS COMMON TO CAUSES OF ACTION

15. That Mr. Harris was sentenced to a custodial sentence in a federal prison camp.

16. That Mr. Harris began to serve the above mentioned prison term and was transferred to the FDC in Miami Florida.

17. That the FDC hereinafter is classified within the Federal Bureau of Prisons classification system as an administrative facility.

18. That as such, said prison mixes inmates that have been incarcerated for petty offenses with inmates that have been imprisoned for violent criminal conduct, including but not limited to murder, homicide, organized crime, etc.  Additionally, the federal Bureau of Prisons was aware, or should have been aware of the racial tensions that were escalating within the facility.

19. That the Federal Government, specifically the Federal Bureau of Prisons, has a legal obligation to furnish each prison with the necessary security personnel and conditions to guarantee the basic security and safety of all inmates.

20. That during the days leading to the beating of Mr. Harris and thereafter, the FDC in Miami, Florida failed to provide Mr. Harris with basic security and safety services as are required by law and federal regulations.

21. That Defendants clearly, recklessly and egregiously disregarded their basic obligations and

duties to take any and all necessary and mandatory precautions to guarantee Mr. Harris's safety as is required by law and relevant regulations.

22. That on or about the 7th day of January, 2016, at about 6:50 in the afternoon  and in the interior of the FDC, Mr. Harris was intentionally assaulted by a group or Latino inmates,  with the apparent intent to murder Mr. Harris.  This assault stemmed from the racial tensions that had been allowed to escalate in the facility.

23. That at the time of the intentional assault, in broad day light, Mr. Harris was playing  with other inmates in the Recreation Yard.

24. That the assailants, in the presence of other prisoner inmates, approached the above mentioned area where Mr. Harris was exercising.

25. That the assailants then immediately and without warning, violently assaulted Mr. Harris and violently with the intention to kill or at a minimum to assault and cause permanent scars or disfigurement to Mr. Harris, stroke the Plaintiff in the face with his fist.

26. The assailants' intentional assault on Mr. Harris lasted several minutes, during which the assailants hit and/or stroked Mr. Harris in the face, chest, neck and other parts of the body.

27. That when the above mentioned physical confrontation and exchange took place, other inmates that were present at the time, stood back and watched at a distance until the above exchange terminated, while other inmates observed the assault and what was actually occurring from a further distance

28. That upon being assaulted by the assailants, Mr. Harris instantly began to bleed profusely in a hemorrhage like matter.

29. That Mr. Harris, after various minutes of physical confrontation defending himself from the intentional assault committed upon him by the assailants, was left unable to defend himself.

30. Again we completed to state, that as a direct result of the assault committed on Mr. Harris by the assailants, Mr. Harris suffered a concussion, and a fractured jaw and skull.

31.  That as a direct result of the above, Mr. Harris has sustained permanent injuries to his face and body and has and will experience physical pain and emotional distress for the rest of his life. Mr. Harris has incurred and will continue to incur in health care related expenses for extensive corrective plastic surgery for his physical impairment as well as for his emotional distress.


### FIRST CAUSE OF ACTION

### Florida Vicarious Responsibility, Negligence Under Federal Tort Claims Act

32. The allegations in paragraph 1 through 31 of this Verified Complaint are incorporated by reference, as if fully set forth herein.

33. Under Florida law, a person who by wrongful act or omission causes damages to another through fault or negligence may be held liable for said acts or omissions. An employer incurs in vicarious responsibility when the wrongful act or omission is committed by his employee acting within the scope of his employment. Under the present set of facts, Codefendant Bureau of Prisons has incurred in vicarious responsibility as a consequence of the negligence by omission of Codefendant's prison employees that were in charge of the custody and safety of Mr. Harris.

34. The injuries and damages that Mr. Harris sustained and continues to sustain are the direct result of the omission or wrongful act or conditions by which the employees failed to:

a. Take the preventive or protective measures necessary to deter the serious risk to the health which Mr. Harris was exposed; and

b. The Officials, Counselors, guards or any one else who is responsible for the prisoners' safety, did not take any preventive actions to protect Mr. Harris.

35. Each one of these omissions or wrongful acts or conditions were negligent and were committed by one or more employees of the Federal Bureau of Prisons, who were acting in the course and scope of their employment.

36. As a proximate cause of Codefendant Bureau of Prisons' violations or negligence, Mr. Harris suffered severe mutilations on his face and body, emotional distress, and economic damages.

37. As a direct result of the foregoing, Mr. Harris has sustained permanent injuries to his body and has and will experience physical pain and emotional distress.

38.  Mr. Harris has incurred and will continue to incur on health care expenses for his physical impairments.

39. As a direct or proximate cause of Codefendant Bureau of Prisons' negligence and reckless disregard for Mr. Harris's safety, Mr. Harris has suffered economic and consequential damages, special damages, which include, but are not limited to, medical expenses, lost income, and lost future financial opportunities, among other damages.

40. That this Court grants reasonable attorneys' fees and costs and any other remedy, whether equitable or statutory, to compensate the above Plaintiff for Codefendant Bureau of Prisons' egregious conduct.

## SECOND CAUSE OF ACTION

**Violations of Title 42 United States Code Sec. 1983 Due to Defendants' Deliberate Indifference Failing to Protect Mr. Harris from an Obvious Substantial Risk of Serious Harm**

## FIRST COUNT

41. The allegations in paragraph 1 through 31 of this Complaint are incorporated by reference, as if fully set forth herein.

42. The Constitution gives inmates a right to be protected from assault by other inmates; this right is based on the Cruel and Unusual punishment Clause of the Eighth Amendment of the Constitution. Any person who under color of law violates this civil right is liable, In this failure to protect claim it must be proven that the Plaintiff was exposed to a substantial risk of serious harm and that the defendants, who's duties were to protect the inmate, had knowledge of this risk but did not respond reasonably in order to protect the Plaintiff. This failure to respond reasonably under these circumstances, by defendants, constitutes a deliberate indifference or reckless disregard violation of the VIII Amendment Cruel and Unusual punishment clause. Ultimately it must be proven that the constitutional violation was the proximate cause of the injury sustained by the defendant.

43. Codefendant prison warden Helen J. Marberry is a Correctional Institution Administrator at the Federal Detention Center, responsible for exercising control and supervision of all aspects of the institution's function including, but not limited to, the security, protection, and safety of prisoners.

44. Codefendant acted with deliberate indifference failing to protect Mr. Harris from obvious substantial risk of serious harm to his life or health.

45. The FDC is classified as an Administrative Facility which houses prisoners of petty offenses with prisoners who have committed violent crimes such as murder, homicide and organized crimes. As such, the FDC Administrative Facility has a legal obligation to provide the necessary

security and safety conditions to house such a diverse mix of prisoner population.

46. In an Administrative facility such as FDC, which houses such a diverse prisoner population, it is common knowledge to the personnel responsible for the security and safety of the prisoners, that there exists a perennial substantial risk of serious harm among inmates, specially if unattended by its security personnel. For this reason, it must have been obvious to Codefendant the substantial risk that Mr. Harris faced.

47. Despite Codefendant's knowledge of Mr. Harris's obvious need for protection, Codefendant failed to respond reasonably to the substantial risk of serious harm that Mr. Harris faced by not taking preventive or protective actions prior to the intentional assault. Codefendant's failure to protect Mr. Harris, ultimately, caused Mr. Harris to suffer severe mutilations and emotional distress.

48. Codefendant's failure to take reasonable protective measures in response to a known risk, prior to the intentional assault and during the intentional assault, constituted an action of reckless disregard or deliberate indifference.

49. As a result of Codefendant's deliberate indifference to Mr. Harris's safety at FDC, Mr. Harris' Eighth Amendment constitutional right, the prohibition to cruel and unusual punishment, was violated. This constitutional violation is the proximate cause of the injuries and emotional distress sustained and suffered by Mr. Harris.

50. As a direct result of the foregoing, Mr. Harris has sustained permanent injuries to his body and has and will experience physical pain and emotional distress. Mr. Harris has incurred and will continue to incur on health care expenses for his physical impairments.

51. As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Harris's safety at FDC, Mr. Harris has suffered economic and consequential, severe emotional distress,  special damages, which include, but are not limited to, medical expenses, lost income, and lost future financial opportunities, among other damages.

52. That Defendants, each and every one of them, are jointly and severely responsible for the damages suffered and that will be suffered to Plaintiff.

53. That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein..

## SECOND COUNT

54. The allegations in paragraph 1 through 31 of this Complaint are incorporated by reference, as if fully set forth herein.

54. In addition to the above, Plaintiffs hereby requests that the pleadings 41 through 53 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant, In the present count, against prison assistant warden Helen J. Mayberry, who is a Correctional Administrator responsible for exercising control and supervision of various aspects of the Institution's function, including, but not limited to, the security and safety of prisoners.

55. As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Harris' safety at FDC, Mr. Harris has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income; and lost future financial opportunities, among other damages.

56. That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## THIRD COUNT

57. The allegations in paragraph 1 through 31 of this Complaint are incorporated by reference, as

if fully set forth herein.

58. In addition to the above, Plaintiff' hereby request that the pleadings 41 through 53 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against prison Captain John Doe, who is the person responsible for all administrative matters in the FDC, including but not limited to prisoners security and safety.

59. As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Harris's safety at FDC, Mr. Harris has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income; and lost future financial opportunities, among other damages.

60. That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## FOURTH COUNT

51. The allegations in paragraph 1 through 31of this Complaint are incorporated by reference, as if fully set forth herein.

52. In addition to the above, Plaintiff hereby requests that the pleadings 41 through 53 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant, In the present count, against prison Lieutenant John Doe and/or Jane Doe, who is head of operations of FDC, responsible for all security matters including, but not limited, the supervision of guards of the FDC and prisoner security and safety.

53. As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Harris' safety at FDC, Mr. Harris has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income; and lost future financial opportunities, among other damages.

54. That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## FIFTH COUNT

55. The allegations in paragraph 1 through 31 of this Complaint are incorporated by reference, as if fully set forth herein.

56. In addition to the above, Plaintiff hereby requests that the pleadings 41 through 53 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against prison warden John Doe and/or Jane Doe is a Correctional Institution Administrator, responsible for exercising control and supervision of all aspects of the institution's function including, but not limited, the security and safety of prisoners.

57. As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Harris' safety at FDC, Mr. Harris has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income; and lost future financial opportunities, among other damages.

58. That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

## SIXTH COUNT

59. The allegations in paragraph 1 through 31 of this Complaint are incorporated by reference, as if fully set forth herein.

60. In addition to the above, Plaintiff hereby request that the pleadings 41 through 53 be also

incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against prison Official John Doe and/or Jane Doe, who acted with deliberate indifference failing to protect Jose Harris' from obvious serious risk.

61. As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Harris' safety at FDC, Mr. Harris has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income; and lost future financial opportunities, among other damages.

61. That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein; in an amount not less than $500, 000.00.

## SEVENTH COUNT

62. The allegations in paragraph 1 through 31 of this Complaint are incorporated by reference, as if fully set forth herein.

63. In addition to the above, Plaintiff hereby requests that the pleadings 41 through 53 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against Correctional Officer, John Doe and/or Jane Doe, who is responsible for enforcing the rules and regulations governing the operation of a correctional institution including, but not limited, the confinement, safety, health and protection of inmates.

64. As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Harris' safety at FDC, Mr. Harris has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income; and lost future financial opportunities, among other damages.

65. That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.


**EIGHTH COUNT**

66.. The allegations in paragraph 1 through 31 of this Complaint are incorporated by reference, as if fully set forth herein.


63. In addition to the above, Plaintiff hereby requests that the pleadings 41 through 53 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against prison Guard John Doe and/or Jane Doe, who is responsible for the safety, protection and security of prisoners.


64. As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Harris' safety at FDC, Mr. Harris has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income; and lost future financial opportunities, among other damages.


65. That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.


**NINTH COUNT**

66. The allegations in paragraph 1 through 31 of this Complaint are incorporated by reference, as if fully set forth herein.


67. In addition to the above, Plaintiff hereby request that the pleadings 41 through 53 be also incorporated by reference herein and applied in support of the merits of the Second Cause of Action against each named Defendant. In the present count, against John Doe and/or Jane Doe, who is responsible for the safety, protection, and security of prisoners.

68. As a direct or proximate cause of Codefendant's negligence and reckless disregard for Mr. Harris' safety at FDC, Mr. Harris has suffered economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income; and lost future financial opportunities, among other damages.

69. That this Court grants exemplary (punitive) damages against the codefendant, as to the cause of action alleged herein.

**WHEREFORE**, in view of the above, Plaintiffs requests that this Honorable Court enter judgment in favor of Plaintiff and thereby provide and order the following: **ON THE FIRST CLAIM OF RELIEF IN THE COMPLAINT FOR FLORIDA VICARIOUS RESPONSIBILITY, NEGLIGENCE UNDER FEDERAL TORT CLAIMS ACT**:

A. Plaintiff Mr. Harris seeks from Codefendant Bureau of Prisons, as a direct result of Codefendant Bureau of Prison's vicarious responsibility and negligence, economic and consequential damages; severe                           emotional                           distress                           estima special damages, which include, but are not limited to, medical expenses, lost income, and lost future financial opportunities.

B. That this Court grants reasonable attorneys' fees and costs and any other remedy, whether equitable or statutory, to compensate the above Plaintiffs for Codefendant Bureau of Prisons' egregious conduct.

**ON THE SECOND CLAIM OF RELIEF FORVIOLATIONS OF TITLE 42 UNITED STATES CODE SEC. 1983 DUE TO CODEFENDANTS DELIBERATE INDIFFERENCE FAILING TO PROTECT JOSE HARRIS'S FROM OBVIOUS SUBSTANTIAL RISK IN THE FIRST THROUGH NINTH COUNT:**

A. Plaintiff Mr. Harris seeks from each individual Codefendant, as a direct result of Defendants'

deliberate indifference failing to protect Plaintiff from obvious and substantial risk, prison warden Helen J. Marberry, assistant warden, prison captain John Doe and/or Jane Doe, warden John Doe and/or Jane Doe, official John Doe and/or Jane Doe, Correctional Officer John Doe and/or Jane Doe, prison Guard John Doe and/or Jane Doe, John Doe and/or Jane Doe, economic and consequential damages; severe emotional distress; special damages, which include, but are not limited to, medical expenses; lost income and lost future financial opportunities, among other damages.

B. That Defendants, each and every one of them, are jointly and severely responsible for the damages suffered and that will be suffered to Plaintiff.

C. That this Court grants exemplary or punitive damages against the individual Defendants as to the cause of action alleged herein.

D. That this Court grants Attorneys' fees and costs and any other remedy, whether equitable or statutory, against Defendants as to the causes of action alleged under the constitution and laws of the United States and the laws of the State of Florida.

**MOREOVER**, Plaintiff respectfully request that this Court grant whatever remedies said party is entitled to receive, whether equitable or statutory in nature. That this Court grant any other remedy, whether statutory or equitable, that Plaintiffs may be entitled to receive under the present factual scenario.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff demands a jury trial of this action, and further demands judgment against Defendant for general damages, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JOSPEH W. GIBSON, P.A.**

/s/ Joseph W. Gibson
By:_____
Joseph W. Gibson, Esq.
Attorney for Plaintiff
Florida Bar Number: 0344494
19 West Flagler Street, Ste. 417
Miami, FL 33130
Telephone: (305) 377.2525
E-Mail: joseph_gibson@bellsouth.net
Secondary E-Mail: info@jobsonlaw.com